United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10365
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNAL MEZA-FLORES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-351-2-P
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Bernal Meza-Flores appeals his sentence following his
guilty-plea conviction for possession with the intent to
distribute and distribution of approximately two kilograms of
methamphetamine. For the first time on appeal, Meza-Flores
argues that his sentence violates United States v. Booker,
125 S. Ct. 738 (2005) because it was based on an amount of "ice"
methamphetamine that was never admitted by him. He argues that
under Booker, he could only be sentenced based on the amount of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug that was proven in this case by "admission," which was 1.8 kilograms of "ice" methamphetamine.  Because Meza-Flores did not object in the district court to his sentence on this basis, his argument is reviewed for plain error only.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Even if Meza-Flores was held accountable for only 1.8 kilograms of "ice" methamphetamine, his base offense level would have remained the same.  U.S.S.G. § 2D1.1(c)(1).  The sentence thus did not exceed the maximum authorized by the facts admitted by Meza-Flores during the plea proceedings.  To the extent that the district court's selection of a sentence within the guidelines range was based on the erroneous conclusion that Meza-Flores should be held responsible for the full 4.53 kilogram amount, Meza-Flores must show that the court's error was plain and that it affected his substantial rights.  See United States v. Bringier, 405 F.3d 310, 316-17 (5th Cir. 2005).  He has made no such showing.  Id. at 317-18.  Accordingly, the judgment of the district court is AFFIRMED.